# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JEFFREY WASHINGTON, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) No. 2:12-cv-056-JMS-DKL |
| | ) |
| | ) |
| SUPERINTENDENT, Wabash | ) |
| Valley Correctional Facility, | ) |
| Respondent. | ) |

## Entry and Order to Show Cause

### I.

### A.

The petitioner's motion to appoint counsel has been considered. The Sixth Amendment right to counsel does not apply in *habeas corpus* actions. *Coleman v. Thompson*, 501 U.S. 722, 755 (1991). However, a district court does have the authority to appoint counsel to represent a habeas petitioner whenever it "determines that the interests of justice so require. . . ." 18 U.S.C. ' 3006A(a)(2)(B). Whether to appoint counsel is committed to the discretion of the trial court. *United States v. Evans,* 51 F.3d 287 (10th Cir. 1995). Factors which the court may consider include: (1) whether the merits of the indigent's claim are colorable; (2) ability of the indigent to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) capability of the indigent to present his case; and (5) complexity of the legal issues raised by the complaint. *Wilson v. Duckworth,* 716 F.2d 415, 418 (7th Cir. 1983).

Application of the foregoing factors in this case indicates that the petitioner=s claims are not particularly complex, that there is no likelihood that an evidentiary hearing will be necessary, that no discovery or other investigation will be required, that due allowance to the petitioner=s *pro se* status will be made and that the petitioner has at least thus far demonstrated exceptional ability to express and present his claims. In addition, the petitioner has the means (writing materials, etc.) to continue to present his claims in this action, the petitioner is literate and seems fully aware of the proceedings involving his conviction and sentence in the Indiana state courts, and although an order to show cause is being issued, the respondent has not yet filed an answer to the petition, meaning that the court and

the petitioner do not yet know whether, and to what extent or on what basis, his claims for relief are contested here.

These are not circumstances in which it is in the interest of justice to appoint counsel for the petitioner, and for this reason his motion for appointment of counsel [3] is **denied.**

**B.**

The petitioner's custodian, named in his official capacity only, is substituted as the respondent in this action.

**II.**

The petitioner=s custodian is directed to answer the allegations of the petitioner=s petition for a writ of habeas corpus, and in doing so shall **show cause** why the relief sought by the petitioner should not be granted. This shall be done within **twenty (20) days** after the date this Entry is docketed. The petitioner shall have **twenty (20) days** after service of such answer or return to order to show cause on him in which to reply.

A copy of this Entry and Order to Show Cause shall be sent to the Indiana Attorney General through a Notice of Electronic Filing ("NEF") generated by the court's CM/ECF case management system. The Indiana Attorney General has previously been provided with a copy of the habeas petition itself.

**IT IS SO ORDERED.**

Date: 04/09/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

Jeffrey Washington
**#862899**
Wabash Valley Correctional Facility
P.O. Box 1111
Carlisle, IN 47838

habeas@atg.in.gov