UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JEFFREY WASHINGTON,  *Petitioner*, | ) ) ) | |
| *vs.* | ) ) | 2:12-cv-56-JMS-DKL |
| SUPERINTENDENT, WABASH VALLEY COR-RECTIONAL FACILITY,  *Respondent.* | ) ) ) ) | |

## ORDER GRANTING MOTION TO AMEND/CORRECT ENTRY

On August 29, 2013, the Court issued an entry denying Petitioner Jeffrey Washington's Petition for Writ of Habeas Corpus (the "Entry"). [Dkt. 21.] The Court rejected Washington's claim for ineffective assistance of trial counsel on the merits, [*id.* at 9-14], but concluded that he had procedurally defaulted on his two other claims, [*id.* at 14-17.] Respondent has filed a Motion to Amend/Correct the Court's Entry, arguing that the Court erred in finding two of the claims raised by Washington to be procedurally defaulted. [Dkt. 23 at 2.]

In its Entry, the Court found that Washington had procedurally defaulted on two of the claims he raised because he had not raised them to any of the Indiana state court tribunals in which he sought post-conviction relief.[1] [Dkt. 21 at 15.] The Court *sua sponte* raised the issue of procedural default, which it has the authority to do in certain circumstances. [*Id.* at 15-17 (citing case law).] The Respondent agrees with the Court that Washington did not raise those claims to the state post-conviction courts, but it points out that he did, in fact, exhaust one complete round of state court review of those claims on direct appeal. [Dkt. 24 at 2-3.] Accordingly, the

---

[1] The two claims at issue are 1) whether the trial court erred by denying a motion to suppress a confession Washington made to the police, and 2) whether the trial court erred in refusing a jury instruction about voluntary manslaughter.

- 1 -

Respondent contends that this is sufficient for Washington to avoid procedural default on those claims. [*Id.*]

In support of its conclusion that Washington procedurally defaulted on the claims at issue, the Court's Entry noted that the petitioner "'must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.'" [Dkt. 21 at 15 (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).] The Court also recognized that "'[a] habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim.'" [Dkt. 21 at 15 (quoting *Malone v. Walls*, 538 F.3d 744, 753 (7th Cir. 2008)).] However, the Court erroneously interpreted the phrase "each level of state court review" to encompass both direct appellate relief and post-conviction relief. Instead, as the Respondent points out, the requirement is actually that the petitioner assert his claim through one complete round of state-court review, "*either* on direct appeal of his conviction *or* in post-conviction proceedings." [Dkt. 24 at 2 (quoting *Malone*, 538 F.3d at 753 (emphases added)).]

The Court has conducted research in addition to the authority cited by the Respondent and notes that "the petitioner must comply with state rules to avoid procedurally defaulting his claims." *Mahaffey v. Schomig*, 294 F.3d 907, 915 (7th Cir. 2002). In Indiana, "'issues already adjudicated in the appellate process are unavailable to a petitioner for post-conviction relief. An issue that is raised on direct appeal and is determined adverse to appellant's position is *res judicata* in post-conviction proceedings.'" *Hogan v. McBride*, 74 F.3d 144, 146 (7th Cir. 1996) (quoting *Lowery v. State,* 640 N.E.2d 1031, 1037 (Ind. 1994)). Based on this authority, Washington could not have raised the claims at issue in seeking post-conviction relief because they were barred by *res judicata* since they had been adversely decided against him on direct appeal.

Accordingly, the Court agrees with the Respondent that it was error for the Court to find that Washington had procedurally defaulted on the two issues he raised in state court on direct appeal but not on collateral review.

For these reasons, the Court **GRANTS** the Respondent's Motion to Amend/Correct the Court's Entry. [Dkt. 23.] The Court **STRIKES** its previous Entry discussing Washington's Petition for Writ of Habeas Corpus, [dkt. 21], as well as the corresponding Judgment, [dkt. 22]. The Court will issue an amended entry and judgment addressing the claims at issue on the merits. The Court directs the Clerk to **REOPEN** this case.

10/03/2013

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via US Mail:**

JEFFREY WASHINGTON
862899
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

**Distribution via ECF only:**

Henry A. Flores, Jr.
INDIANA ATTORNEY GENERAL
henry.flores@atg.in.gov